**Royce KERSHAW and Miriam Kershaw**

**v.**

**UNITED STATES.**

**No. 413–58.**

United States Court of Claims.

Jan. 20, 1960.

Fred S. Ball, Jr., Montgomery, Ala., for plaintiffs.

June A. Murray, Washington, D. C., with whom was Asst. Atty. Gen., Charles K. Rice, for defendant. James P. Garland and Lyle M. Turner, Washington, D. C., were on the brief.

JONES, Chief Judge.

This case presents the question whether royalty payments received by the taxpayer as the result of a sale of a patent by him to a corporation of which 100 percent of the stock was owned by him, his wife, and his minor children, are entitled to capital gains treatment under section 117 of the Internal Revenue Code of 1939, 26 U.S.C.A. § 117 or section 1239 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 1239.

The plaintiff, Royce Kershaw, had spent many years in the railroad construction business. On January 22, 1952, he obtained a United States patent covering a ballast regulator, a machine useful for spreading, distributing, and dressing the ballast between the rails and on the sides of railroad tracks. He was not a professional inventor, has no other inventions that produce income, and did not hold the patent for sale in the ordinary course of his business.

On January 31, 1952, Mr. Kershaw sold and transferred all of his patent rights in the ballast regulator to the Kershaw Manufacturing Company, Inc., in consideration of the corporation's agreement to pay him five percent of the retail sales price received from the sale of the ballast regulators. On the date

the patent was transferred, Mr. Kershaw, his wife, and two minor children, owned all of the common and preferred stock of the corporation. In the joint Federal income tax returns which plaintiffs filed for the calendar years 1952, 1953, 1954, and 1955, they reported as ordinary income the royalties which they received from the Kershaw Manufacturing Company, Inc., pursuant to the sale contract of January 31, 1952.

Thereafter and within the time required by law, they filed claims for refund, asserting that the royalty payments which they had received from the corporation had been erroneously reported in their tax returns for the years mentioned as ordinary income and contending that such royalties were taxable as long-term capital gains.

It is the defendant's position that plaintiffs are precluded from recovering anything in this action by the terms of section 328 of the Internal Revenue Act of 1951, which added section 117(o) to the Internal Revenue Code of 1939. In substance, and to the extent here pertinent, section 117(o) provides that any gain realized from the sale or exchange of a capital asset shall be treated as ordinary income rather than as a capital gain if the following circumstances exist:

(1) The sale or exchange is between an individual and a corporation more than 80 percent in value of the outstanding stock of which is owned by the individual, his spouse, and his minor children;

(2) the property in the hands of the transferee is of the character that is subject to depreciation under the provisions of the Internal Revenue Code, and

(3) the sale occurred after May 3, 1951.

It is undisputed here that Mr. Kershaw sold his patent to a corporation, all of the outstanding stock of which was owned by him, his wife, and his minor children, and that the sale occurred after May 3, 1951. It is also too clear for argument that a patent is a form of intangible property which is subject to depreciation under the provi-

sions of section 23(l) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 23 (l), and section 167(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 167 (a). American Chemical Paint Co. v. Commissioner, 3 Cir., 1933, 66 F.2d 381.

Section 1239 of the Internal Revenue Code of 1954 is, in all material respects, a reenactment of section 117 (o) and, although section 117 of the Internal Revenue Code of 1939 was amended retroactively by the Act of June 29, 1956 (70 Stat. 404), to authorize capital gains treatment with respect to the transfer of patent rights under certain circumstances, both parties concede that the 1956 amendment has no application in this suit.

The issue is thus narrowed to the single point whether section 117(o) (added by the 1951 amendment) applies to the sale or transfer by an inventor of his patent rights.

Plaintiffs argue that in view of a favorable congressional attitude toward inventors as reflected in the 1954 Senate Committee Report relating to section 1235 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 1235 and the fact that no mention is made of patents in section 117(o), Congress intended that the 1951 amendment should not apply to the transfer of patent rights. They place great reliance on H.Rep. No. 586, 82d Cong., 1st Sess., p. 26, which states that the purpose of the amendment was to forestall the practice of selling depreciable assets to controlled corporations in order to obtain the substantial tax benefits available under existing law. The practice referred to was illustrated in the committee report by the sale by a husband and wife of a building, which has a current value well in excess of its depreciated basis, to a corporation engaged in the retail trade and in which they own more than 80 percent of the outstanding stock.

This argument was presented in skillful fashion, but it immediately collides with the language of the Senate Report on the same bill (S.Rep. No. 781, 82d Cong., 1st Sess., p. 670) in which the practice to be prevented by the amend-

ment under consideration was illustrated by a taxpayer's transfer of a patent owned by him. A careful reading of the House Report makes it abundantly clear that the reference therein to the sale of a depreciated building was intended to be no more than the label which was placed on it in the report; namely, an illustration of the kind of transfers to be deprived of capital gains treatment by section 117(o). There is nothing in the legislative history to indicate that Congress intended to exclude patents from the 1951 amendment. When this is considered in connection with the clear and explicit language of section 117(o), we must conclude that this section controls the sale involved in this suit and that the plaintiffs are not entitled to recover.

It follows that plaintiffs' petition will be dismissed.

It is so ordered.

REED, Justice (Retired), sitting by designation, LITTLETON, Judge (Retired), and LARAMORE and MADDEN, Judges, concur.

WHITAKER, Judge, took no part in the consideration and decision of this case.